UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:25-CR-42 CCB |
| ) | |
| GERALD FELIZ DEL ORBE ) | |
| Defendant. ) | |

### DEFENDANT'S MOTION TO EXCLUDE
### AND MOTION FOR SANCTIONS

Gerald Feliz Del Orbe, by counsel, respectfully submits the following motion to exclude and motion for sanctions regarding the A-File and the government's entire production on July 25, 2025. The deadline to file motions passed on July 24, 2025; however, for good cause, the defendant respectfully requests the Court consider these motions due to the government's belated disclosure of a third variation of the "A-File" and brand new evidence on Friday, July 25, 2025 at 1:44 PM. The government's supplemental discovery deadline is well passed.

### BACKGROUND

Gerald Feliz Del Orbe is charged with a singular count of making a false statement on a 4473 form. DE 1. He is factually innocent and demands a speedy trial. The defendant does not now, nor will he ever, seek a continuance based on the flagrant disregard for the rules of discovery displayed by the government in this case. Counsel for the defendant was in the Fulton County Jail on July 25, 2025 preparing for the imminent trial when the government produced the items in Exhibit A-"Discovery

1

Production".[1] All items on these inventory sheets should be excluded, including the "A-File."

Gerald Feliz Del Orbe was arraigned on June 17, 2025. DE 8. The discovery order that was issued set deadlines that the government has patently ignored. DE 11. Within 14 days of June 17, 2025, the government was to provide initial discovery. All supplements were due 28 days after the initial hearing and arraignment. Supplemental discovery was due 12 days ago, on or about Tuesday July 15, 2025. The government provided initial discovery on or about July 1, 2025. As a courtesy to opposing counsel, and out of immense respect for the government attorneys' time, defense counsel notified AUSA Doyle that there was a high probability that this would be a trial case. That should have triggered some sort of response, particularly with respect to the "A-File". But it didn't.

Instead, the government sent defense counsel a document that was so highly redacted that it precipitated a motion to compel. DE 22. The government made a copy of the first version of the A-File available to review in their offices. It took undersigned counsel between 4-5 hours over two occasions to make it through just half of the document. The typed notes created by defense counsel during these two sessions were insufficient for meaningful expert review. AUSA Doyle communicated to defense counsel that the government was preparing a protective order, so counsel waited, and waited, and waited some more believing in good faith that the A-File would be produced. The government represented that it was taking some time to get a protective

---

[1] This motion is being filed on Sunday July 27, 2025. The accompanying Exhibits will be filed on Monday July 28, 2025.

2

order together, because what happened in this case would impact the practice in other immigration-related cases. It's no secret that the protective order practice has been utilized for probably at least a few decades, so this should have been pretty easy. Given some of the changes within the local branch of the United States Attorney's Office, some delay was to be expected and tolerated. What resulted is absurd.

The government got around to filing a protective order on or about July 16, 2025. DE 28. The Court granted the motion on July 17, 2025. DE 31. On or about July 21, 2025, the government finally produced an unredated A-File to defense counsel. Exhibit B-"Upload of supplemental discovery to USA FX". AUSA Doyle notified the defendant that this was not the final version of the A-File and yet another version would be tendered. That finally arrived on the afternoon of July 25, 2025. It is now obvious that the government is acting in bad faith and attempting to cause deliberate delay by contemporaneously filing a new A-File along with an audacious motion to exclude the defendant's expert, Felipe Merino—all while knowing full well it hadn't complied with its obligations. The production of discovery came within minutes of the filing of various motions to exclude. The newest production also contains a number of images and other items the government ostensibly intends to introduce at trial. All in clear violation of Rule 16.

It is fundamental that Gerald Feliz Del Orbe, regardless of citizenship, has a right to a speedy trial through the Sixth Amendment to the United States Constitution--which the government is actively attempting to thwart. Although this constitutional promise requires no explanation or demand, it is particularly important when a person is innocent. Gerald Feliz Del Orbe has never spent a day of his life in jail before now. As a

result of this case, there is also an ICE hold because the government seemingly wishes to deport him. Mr. Feliz Del Orbe had a permit to work, was doing so, and was gainfully employed at the time of his arrest. He supports a wife, a biological child, two stepchildren, and his sister-in-law who is a minor residing in the familial home. His family can't pay rent. His reputation and future job prospects are at stake. He has demanded a speedy trial, and the government has known it since July 5th. This is not "just some case" for him, it's his life.

**Good Cause.** The motions below seek the exclusion of certain evidence because of the government's failure to comply with its obligations under Federal Rule of Criminal Procedure 16. The deadline to file such motions passed on July 24, 2025. Even so, under Federal Rule of Criminal Procedure 12(c)(3), this Court can consider these motions because there is "good cause" to do so. The evidence sought to be excluded was not disclosed by the government until after the deadline to file motions expired; accordingly, the defendant could not have filed these motions in a timely manner. Because the basis for the motion arose after the deadline expired, there is good cause to resolve these motions. *United States v. Thomas*, 897 F.3d 807, 815 (7th Cir. 2018).

This Court has authority under Rule 16(d)(2)(C) to "prohibit [the government] from introducing the undisclosed evidence." That is precisely what the Court should do. Excluding the "evidence is a permissible sanction for discovery violations." *Id.* (citing *Taylor v. Illinois*, 484 U.S. 400, 415 (1988)).

This Court has previously permitted late disclosures by the government and noted that a continuance is often an appropriate remedy. *See United States v. Maurice Williams*, 3:25-CR-13, DE 27. The defendant is not seeking a continuance and will find a

way to prepare at all costs. Another remedy for this flagrant violation is to allow the defendant to supplement its expert notice with respect to Attorney Felipe Merino, particularly because the government has created impossibilities and impediments to a more fulsome disclosure. Additionally, the defendant requests that the government be sanctioned monetarily in an amount equal to the cost incurred by having Attorney Felipe Merino review the "A-File" not once (heavily redacted), not twice (original unredacted A-File), but thrice (newest A-File).

Wherefore, the defendant asks that the Court consider this motion to exclude and motion for sanctions caused by the belated discovery for good cause and asks that it be granted.

Dated: July 27, 2025

Respectfully submitted,

Northern District of Indiana
Federal Community Defenders, Inc.

By:   s/ Kimberly L. Schultz
Kimberly L. Schultz, Staff Attorney
130 S. Main Street, Suite 300
South Bend, IN 46601
Phone: (574) 245-7393
Fax: (574) 245-7394
eMail: kimberly_schultz@fd.org